**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SCAMBOOK, LLC, an Illinois limited liability company | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.<br>) |
| SALVAGE AUCTIONS, LLC, a New York limited liability company | )<br>)<br>) |
| Defendant | ) |

## COMPLAINT AT LAW

Plaintiff Scambook, LLC ("Plaintiff" or "Scambook"), by and through its undersigned counsel, Edelson McGuire, LLC, complains and alleges against Defendant Salvage Auctions, LLC ("Defendant" or "Salvage"), as follows:

## NATURE OF THE ACTION

1. Plaintiff Scambook seeks a declaration from this Court that it is not legally required to remove postings by consumers from its consumer complaint website and is immune from liability to Defendant Salvage Auctions, LLC for such consumer postings under the Communications Decency Act ("CDA") (47 U.S.C. § 230).

2. Congress enacted the CDA to shield interactive computer service providers such as Scambook—which merely increase the availability of educational and informational resources on the Internet, though stopping short of creating content—from liability for content created by third parties.

3. Because Scambook is an interactive computer service provider, the CDA provides it with complete immunity against threatened legal action by Defendant arising out of complaints posted by aggrieved consumers about Defendant on Scambook's website.

## PARTIES

2. Plaintiff Scambook, LLC is a limited liability company organized and existing under the laws of the State of Illinois with its principal place of business located at 980 N. Michigan Ave, Chicago, IL, 60611

3. Defendant Salvage Auctions, LLC is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located at 261 Rockway Parkway, Valley Stream, New York, 11580.

## JURISDICTION & VENUE

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this dispute involves a federal question pursuant to § 230 of the CDA.

5. Venue is proper in this District under 28 U.S.C. § 1391 (a)(1-2) as Plaintiff Scambook has its principal place of business in this District and a substantial part of the events giving rise to the claims asserted herein occurred in this District.

## FACTS

**A.**     **Scambook LLC**

6. Plaintiff Scambook operates Scambook.com, an online message board that allows consumers to post complaints about their experiences with companies and individuals, read other consumer complaints, and comment on complaints posted by others.

7. Consumers who use Scambook.com can provide their names, contact information, location, and a brief description of their complaint. Users are also free to make anonymous complaints.

8. Scambook does not review complaints before they are posted on the message board, nor does Scambook add content to the complaints or provide additional information about the company or individual that is the subject of the complaint. Rather, Scambook operates as a message board, plain and simple.

**B.** **Salvage Auction's Request to Remove Posts**

9. Defendant Salvage Auctions owns and operates the website www.bidisausa.com, which purports to be "an online salvage auction that offers salvage cars."

10. On August 22, 2011, Mr. Vasil Lyras sent Scambook an email communication demanding that postings on Scambook.com about www.bidisausa.com be removed. (A true and accurate copy of Mr. Lyras's email communication dated August 22, 2011, is attached hereto as Exhibit A).

11. Prior to Mr. Lyras's email, several consumer complaints had appeared on Scambook.com related to www.bidisausa.com. The primary allegations made in the consumer complaints centered on paying money for vehicles without actually receiving the cars. (True and accurate copies of the consumer complaints are attached hereto as Exhibit B). Mr. Lyras, or one of his employees, also posted comments on the consumer complaint pages under the name BIDISUSA. (*See* Exhibit B).

12. Mr. Lyras's email initially claimed "I AM THE OWNER OF BIDISAUSA.COM I BOUGHT THE DOMAIN NAME FROM ERCNY LLC, THE RIGHTS TO THE SITE, THE DATABASE, AND AUCTION SOFTWARE FOR 1 MILLION DOLLARS. I WILL EMAIL

YOU THE BUY OUT AGREEMENT." Despite Mr. Lyras's statements that he is not associated with Ercny LLC, the address of the email communication inexplicably contained the ercny.com domain.

13. In the August 22, 2011 email communication, Mr. Lyras went on to state that: "I CANT HAVE THESE POSTINGS AND COMPLAINTS FOR ERCNY LLC EFFECTING MY SITE. WE ARE A DIFFERENT ENTITY AND THIS IS HURTING MY BUSINESS. NOW I HAVE THE MONEY TO LITIGATE AND HOLD EVERYONE RESPONSIBLE FOR ALLOWING THESE #1 UN CONFIRMED ALLIGATIONS AGAINST ERCNY LLC AND EVEN MY SITE…I WILL COME AFTER YOUR COMPANY AND THIS SITE FOR DAMAGES."

14. In the same email communication, Mr. Lyras then stated: "WE DEAL WITH PUBLICLY TRADED COMPANIES…AND ALOT OF THESE PEOPLE WHO ARE COMPLAINING OWE ERCNY LLC MONEY FOR VEHICLES THE DEFAULTED ON…THEY OWE THOUSANDS IN RELIST FEES AND DO NOT ABIDE BY THE TERMS…I WANT THESE POSTS TAKEN DOWN IMMEDIATELY…MY LAWYER DAVID GANZ IS SENDING A CEASE AND DESIST LETTER OUT TOMORROW…I AM HOLDING THE OWNERS OF SCAMBOOK RESPONSIBLE BECAUSE YOU HAVE TO VERIFY THESE THINGS…"

15. Going further in the same email communication, Mr. Lyras stated: "YOU ALLOW PEOPLE TO LIE AND BLOG AND NOT TELL THE COMPLETE STORY..YOU HAVE TIL WEDNESDAY OR I WILL HAVE MY IT DEPARTMENT CREATE A SITE AND DO THE EXACT SAME THING YOUR ALLOWING PEOPLE TO DO TO MY INVESTMENT AND MY LIVELYHOOD. YOU HAVE 72 HOURS TO COMPLY…BEFORE

I HAND THE CHECK TO MY ATTONIES TO START THE PROCESS...VERIFY THE STORIES..."

16. Of particular significance, Mr. Lyras concluded with, "TAKE THE BLOGS DOWN UNTIL YOU VERIFY THESE THINGS ACTUALLY HAPPENED...OR THIS WILL BE THE END OF SCAM BOOK...JUST THE WAY I TOOK OUT THE REST OF THESE NONE SENSE SITES...ITS PROBABLY A COMPETITOR...TAKE THE FUCKIN POST DOWN OR YOU AND THE REST OF THE MEMBERS OF YOUR FIRM OUR OUT OF A JOB...."

17. Moreover, Mr. Lyras posted his own complaint about Scambook on Scambook.com using the screen name "Scumbook." (A true and accuracte copy of which is attached hereto as Exhibit C).

18. Mr. Lyras's complaint, which is not entitled to CDA immunity, again repeated many disparaging and false comments about Scambook and called upon other companies being complained about to contact him in order to initiate a class action against Scambook. Consistent with Scambook's general policy, the complaint about Scambook still appears on Scambook.com.

19. At the time of filing, Scambook has not received a cease and desist letter from Defendant or his alleged attorney Mr. Ganz.

## CAUSE OF ACTION
### Declaratory Judgment - Immunity from liability under the Communications Decency Act

20. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

21. For the reasons detailed throughout this complaint, and stated below, Scambook is not liable to the Defendant under the CDA because it is a provider of interactive computer

services and is not an information content provider. Specifically, Scambook is an interactive computer service and comports with the CDA based on the following acts and characteristics:

    a.    Scambook only operates a message board for users to post complaints;

    b.    Scambook does not materially contribute to any of the postings on Scambook.com;

    c.    Scambook does not transform unknown information into publicly available information;

    d.    Scambook does not provide its own editorial comments to consumer complaints;

    e.    Scambook does not verify, review, or screen complaints or comments before they are posted on Scambook.com.

22.    Plaintiff and Defendant have adverse legal interests, and there is a substantial and actual controversy between Plaintiff and Defendant of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether Plaintiff is obligated to remove postings made by others on its website.

23.    Plaintiff desires a judicial determination that it is not required to remove any postings on Scambook.com made by consumers and that it is immune from liability for such postings under the CDA.

24.    Plaintiff seeks a judicial determination of the respective rights and duties of Plaintiff and Defendant with respect to Scambook.com and the postings thereon, and a declaration that Plaintiff may continue to allow postings by third parties on its website, Scambook.com.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Scambook, LLC prays for the following relief:

1. Declare that Plaintiff is not required to remove any postings on Scambook.com made by third parties;

2. Declare that Scambook, LLC is not liable to Defendant for postings made by third parties under the Communications Decency Act (47 U.S.C. § 230); and

3. Such other and further relief as the Court deems equitable and just.

        Respectfully submitted,

        SCAMBOOK, LLC

        By: /s/ Rafey S. Balabanian

JAY EDELSON
jedelson@edelson.com
RAFEY S. BALABANIAN
rbalabanian@edelson.com
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
T: (312) 589-6370
F: (312) 589-6378